■ In the Matter of DENTAL HEALTH CARE SYSTEMS, INC., Also Known as AMERICAN DENTAL PLAN, Respondent, v ROBERT S. ASHER, as Director of the Division of Professional Conduct of the State Education Department, et al., Appellants. — Appeal from that part of a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 23, 1981 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed respondents' motion for summary judgment, denied their counterclaim for injunctive relief, enjoined them from instituting any disciplinary proceedings against petitioner, and denied so much of the petition and counterclaim as sought a determination of the rights of the parties on the merits. Petitioner Dental Health Care Systems, Inc., also known as American Dental Plan (ADP), is a business corporation which advertises dental services to the general public at purportedly reduced costs for a fee payable to it. ADP compiles a list of dentists willing to treat its members and submits the list to its subscribers. When a member needs the services of a dentist, he selects one from the list. The dentist may accept or reject any individual patient. After the initial membership fee is paid to ADP, all dealings by the member patient are directly with the dentist and there exists a normal and direct dentist-patient relationship. After respondents became aware of this arrangement they conducted an investigation. Subsequently, respondents notified petitioner that it was improperly involved in the practice of dentistry, in fee splitting and in improper advertising and that the participating dentists were aiding and abetting petitioner in such practice. Respondents also notified the participating dentists that the Education Department had determined that ADP was improperly involved in the practice of dentistry and their continued participation with ADP would be the basis of

disciplinary action against their licenses. No formal proceedings had been brought against petitioner or the dentists prior to this proceeding. Some 200 dentists withdrew their association from ADP. The instant article 78 proceeding was commenced by petitioner seeking a judicial hearing to review respondents' action and for injunctive relief pending the hearing. Special Term dismissed respondents' motion for summary judgment and enjoined them from instituting any disciplinary action against the dentists or the officers, employees or associates of ADP until a final determination in accordance with the provisions of article 130 of the Education Law had been made. Special Term also refused to consider the merits concluding that litigation on the merits was premature. This appeal ensued. There must be an affirmance. By their determination respondents have concluded that petitioner was improperly involved in the practice of dentistry and the participating dentists were aiding and abetting such practice. Respondents have the authority pursuant to the Education Law to investigate the unauthorized practice of dentistry and to request the Attorney-General to take appropriate action when necessary (Education Law, §§ 6512, 6514, subd 1). Respondents also have the authority to bring disciplinary action against dentists for professional misconduct (Education Law, §§ 6509, 6510). In each case, however, respondents must follow the procedures outlined in the statutes. It is most significant that in the instant case no formal proceedings had been instituted against petitioner or any of the participating dentists prior to commencement of the present proceeding. They were merely notified by letter of respondents' determination without any opportunity to be heard. Such, in our view, was a complete disregard of the statutory mandates. It is particularly offensive since one found guilty of the unauthorized practice of dentistry is guilty of a class E felony (Education Law, § 6512). Furthermore, as to the dentists, until the petitioner has been found guilty of improper involvement in the practice of dentistry there can be no determination that they aided and abetted such practice. In the event that petitioner is found to have been involved in the unauthorized practice of dentistry following the procedure outlined in article 130 of the Education Law, then proceedings pursuant to sections 6509 and 6510 of the Education Law may be commenced against the individual dentists to determine if they were involved in any professional misconduct. We also agree with Special Term that a consideration of the merits was premature since no final determination was ever made by respondents in accordance with article 130 of the Education Law. We have considered all other arguments advanced by respondents and find them unpersuasive. Judgment affirmed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.